UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-28-GWU

LINDA JOHNSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Linda Johnson brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

       impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-28  Linda Johnson

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

09-28 Linda Johnson

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

09-28  Linda Johnson

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

09-28  Linda Johnson

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Johnson, a former postmaster, suffered from impairments related to degenerative disc disease of the lumbar spine with chronic pain, and being status post left L4/L5 laminotomy/discectomy.  (Tr. 11, 16).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 12).  Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled.  (Tr. 16-17).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The residual functional capacity determined by the ALJ included an exertional limitation to light level work, restricted from a full range by the need for a sit/stand option with no prolonged standing or walking in excess of one-half hour

09-28  Linda Johnson

without interruption, an inability to more than occasionally push/pull or use foot controls with the lower extremities, an inability to more than occasionally climb stairs/ramps, stoop, kneel or crouch, an inability to ever climb ladders, ropes or scaffolds and crawl and a need to avoid exposure to full body vibration.  (Tr. 12). When these factors were presented to Vocational Expert Sally Moore, she testified that Johnson's past work as postmaster could still be performed.  (Tr. 39).  The ALJ relied upon this information to support the administrative decision.

The ALJ erred in evaluating Johnson's residual functional capacity.  Review of the medical record reveals that every treating and examining source identified more severe physical limitations than those found by the ALJ.

In June of 2006, Dr. Ray Hays, a treating source, noted a history of a L4-L5 herniated disc with discectomy.  (Tr. 265).  Dr. Hays opined that the plaintiff would never be able to stoop, crouch, squat, or climb ladders and would miss more than four days of work per month due to her impairments.  (Tr. 267).  The claimant would also be restricted from sitting for more than 15 minutes at a time or standing/walking for more than 10 minutes at a time.  (Tr. 266).  These are more severe physical limitations than found by the ALJ and presented to the vocational expert.  The ALJ opined that this opinion was not sufficiently based on objective medical data and, so, was not entitled to controlling weight.  (Tr. 16).  Nevertheless, it does not provide support for the administrative decision.

09-28  Linda Johnson

Dr. P. D. Patel examined Johnson in September of 2006. Dr. Patel diagnosed chronic low back pain and being status post discectomy at L4-L5. (Tr. 306). Dr. Patel opined that the plaintiff would be unable to lift more than 10 pounds, stand or walk for more than a total of two hours a day, sit more for more than a total of three hours a day, would need to change position every 15 to 20 minutes, would never be able to twist, stoop, crouch or climb ladders, would be restricted in feeling and pushing/pulling, and would need to avoid all exposure to extreme cold, wetness, humidity, hazards and avoid moderate exposure to extreme heat, noise, and environmental pollutants. (Tr. 308-309). The ALJ also rejected this opinion because he believed it was based on subjective complaints. (Tr. 16). Nevertheless, it does not support the administrative decision.

Dr. Dennis Sandlin, another examiner, saw Johnson in November of 2007. Dr. Sandlin restricted the plaintiff to sedentary level work restricted from a full range by a standing/walking limitation to less than a total of two hours, an inability to sit for more than a total of four hours, the need to change position in ten-minute intervals, and an inability to ever twist, stoop, crouch, and climb ladders, a restricted ability to reach or push/pull, and a need to avoid moderate exposure to hazards. (Tr. 325-327). The ALJ also rejected this opinion as being unsupported and inconsistent with other evidence of record. (Tr. 16). However, the doctor did cite in support a

September, 2007 MRI scan showing an L4-L5 herniated disc and a disc bulge at L5-S1.  (Tr. 326).  Thus, at least some objective medical data supports this opinion.

The ALJ cited the opinions of Kevin Walker (Tr. 356-363) and Dr. Timothy Gregg (Tr. 283-290), the non-examining medical reviewers, in support of the administrative decision.  (Tr. 16).  Under the federal regulations, Walker was not an "acceptable medical source" whose opinion could support the administrative decision.  20 C.F.R. § 404.1513.  With regard to Dr. Gregg, an ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner has had the opportunity to see other sources and clearly states the reasons for his differing opinion.  <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p indicates that when the examining source is also a treating physician, then the non-examiner needs to have also seen a <u>complete</u> record which includes the opinion of a specialist with access to more detailed and comprehensive information than that available to the treating source.  In the present action, Dr. Gregg saw the record in July of 2006.  Thus, he had no opportunity to see and comment upon the opinions of Dr. Patel and Dr. Sandlin, each of whom saw the claimant after this date.  Furthermore, even though Dr. Gregg should have seen the June, 2006 report of Dr. Hays, the reviewer makes no mention of it in his report.  Under these circumstances, the ALJ could not rely upon Dr. Gregg over the actual examining sources.

Johnson indicated on the Work History report that the job of postmaster had required her to stand up to seven hours a day. (Tr. 156). Therefore, if she could not stand for more than two hours a day, as each of the examining physicians indicated, she could not perform this work. Therefore, as the evidence regarding the requirements of her past work is uncontradicted, a remand of the action for further consideration will be required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of October, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge